UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| STEPHANIE M. NEWTON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-449 |
| | ) | (VARLAN/SHIRLEY) |
| CHRISTOPHER MILLER, | ) | |
| STAR FLEET, INC., | ) | |
| JAMES LOWELL LAKES, and | ) | |
| MICHAEL D. DUGGAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

This civil action is before the Court on Plaintiff Stephanie M. Newton's Motion for a Judgment on the Pleadings or to Hold Scheduling Deadlines in Abeyance [Doc. 27]. Defendants Christopher Miller and Star Fleet, Inc. have filed a Response to Plaintiff's Motion for Judgment on the Pleadings or to Hold Scheduling Deadlines in Abeyance [Doc. 32] and plaintiff's motion is now ripe for consideration.

The Court has carefully considered the pending motion, response, and pleadings in light of the applicable law. For the reasons set forth herein, plaintiff's motion will be denied.

**I.    Background**

On July 11, 2007, plaintiff was traveling northbound on Interstate 75 in Campbell County, Tennessee [Doc. 34]. That same day, defendant Christopher Miller, operating a tractor trailer owned by defendant Star Fleet, Inc. ("Star Fleet"), was driving behind plaintiff

on Interstate 75 [Doc. 34]. Defendants James Lowell Lakes and Michael D. Duggan were involved in a motor vehicle collision that partially blocked the roadway where plaintiff and defendant Miller were driving [Doc. 32]. Defendant Miller's vehicle struck the plaintiff's vehicle as both vehicles moved from the left lane to the right lane in the vicinity of the Lakes and Duggan collision [Docs. 18, 32].

Plaintiff filed suit against defendants Miller and Star Fleet in Campbell County Circuit Court on October 18, 2007 and defendants Miller and Star Fleet subsequently removed this case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiff attempted to file a Motion to Amend/Revise the Complaint [Doc. 17], but failed to include an electronic signature [*see* Doc. 27]. Notwithstanding plaintiff's failure to file the motion to amend properly, defendants Miller and Star Fleet filed an Answer to the Amended Complaint [Doc. 18]. Plaintiff properly re-filed the motion to amend the complaint [Doc. 20].[1]

In their answer to plaintiff's amended complaint, defendants Miller and Star Fleet raised, for the first time, the affirmative defense that plaintiff's injury was caused, in part, by the actions of Lakes and/or Duggan [Doc. 18]. Plaintiff filed an unopposed Motion to Amend the First Amended Complaint to Add Party Defendants Lake [*sic*] and Duggan [Doc. 28]. Plaintiff filed a Second Amended Complaint [Doc. 34] and Defendants Miller and Star Fleet filed an answer to the Second Amended Complaint [Doc. 35]. Defendant Lakes filed

---

[1] Plaintiff asserts that she "never did file her amended complaint," but that she did attach it as an exhibit to her motion to amend the complaint [Doc. 20].

an Answer to Second Amended Complaint [Doc. 38] and Defendant Duggan filed an Answer to Second Amended Complaint [Doc. 41].

Plaintiff now moves for judgment on the pleadings on the ground that defendants Miller and Star Fleet, in raising the affirmative defense of comparative negligence,[2] failed to offer any factual allegations or causes of action against defendants Lakes and Duggan [Doc. 27]. Defendants argue in response that:

(1) Federal Rule of Civil Procedure 12(c), which governs motions for judgment on the pleadings, does not provide the plaintiff with a basis for seeking dismissal of this case;

(2) Even if Rule 12(c) does provide a basis for which plaintiff may seek dismissal of this case, plaintiff has failed to establish that her Rule 12(c) motion for judgment on the pleadings should be granted;

(3) Defendants have complied with pleading requirements concerning comparative fault under Tennessee law;

(4) Plaintiff's motion for judgment on the pleadings should be denied because plaintiff has presented the Court with a proposed second amended complaint setting forth claims against defendants Lakes and Duggan; and

(5) Even if the Court finds that defendants' answer to plaintiff's complaint failed to satisfy federal pleading requirements, paragraph 24 of defendants' answer to plaintiff's amended complaint does comply with federal pleading requirements. [Doc. 32].

---

[2]As discussed *infra* Part III, Tennessee law governs the substantive issues in this case. Tennessee recognizes the affirmative defense of comparative fault. *Wood v. U-Haul Co. of Tenn.*, No. M2005-00600-COA-R3-CV, 2006 WL 3071254, at *2 (Tenn. Ct. App. Oct. 27, 2006); *see also* Tenn. R. Civ. P. 8.03 ("In pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute . . . comparative fault (including the identity or description of any other alleged tortfeasors) . . . .").

3

## II.     Standard of Review

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. This Court may treat a motion for judgment on the pleadings according to the same standard as a motion to dismiss under Rule 12(b)(6). *Mixon v. Ohio*, 193 F.3d 389, 399 (6th Cir. 1999). The Court must construe the contested pleading in the light most favorable to the non-moving party, and determine whether the non-moving party "undoubtedly" can prove no set of facts in support of the claims that would entitle him to relief. *Id.* at 399-400. The Court accepts all of the non-moving party's factual allegations as true, *U.S. v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993), but need not accept as true legal conclusions or unwarranted factual inferences. *Mixon*, 193 F.3d at 400 (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Rule 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but "a [party's] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* A pleading "must contain either direct or inferential

4

allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988).

When a federal court exercises diversity jurisdiction, it is axiomatic that the court apply the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). This Court thus applies the substantive law of Tennessee in resolving the merits of this case.

**III. Analysis**

Plaintiff's motion presents the Court with two issues: first, whether Federal Rule of Civil Procedure 12(c) can serve as a basis for dismissal of defendants Miller and Star Fleet's claims regarding defendants Lakes and Duggan; and second, if so, whether defendants Miller and Star Fleet have satisfied federal pleading requirements so as to survive a Rule 12(c) motion. For the reasons that follow, this Court answers both questions in the affirmative.

    **A. Whether Federal Rule of Civil Procedure 12(c) Provides Plaintiff With a Basis for Seeking Dismissal of This Case**

Defendants Miller and Star Fleet raise the threshold issue of whether Federal Rule of Civil Procedure 12(c) can provide plaintiff with a basis for seeking dismissal of this case with respect to defendants Lakes and Duggan. They contend that plaintiff's motion for judgment on the pleadings is not timely because discovery is ongoing and because plaintiff has filed multiple motions to amend her complaint [Doc. 32].

As previously noted, Rule 12(c) provides that a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. Here, defendants

5

allege in effect that the pleadings are not "closed" for the purposes of Rule 12(c). Federal Rule of Civil Procedure 7(a) provides, however, that the pleadings are closed upon the filing of a complaint and an answer. *See* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1369 (2d ed. 1990). Where, as here, "a counterclaim, crossclaim, or third-party claim is interposed, a reply will normally mark the close of pleadings." *Id*.

This is not a case in which one party has filed a pleading and then moved for judgment on the pleadings without providing the other party an opportunity to respond. To the contrary, the parties in this case have had ample opportunity to respond to the pleadings. Indeed, all defendants, including defendants Lakes and Duggan, have filed answers to the most recently filed complaint in this case. *See* Docs. 35, 38, 41. The pleadings are therefore closed for the purposes of Rule 12(c), and plaintiff's motion for judgment on the pleadings under this Rule is proper.[3]

Accordingly, the Court finds that Federal Rule of Civil Procedure 12(c) provides plaintiff with a basis for seeking dismissal of this case with respect to defendants Lakes and Duggan. For the reasons that follow, however, the Court finds that the dismissal plaintiff requests is not warranted.

---

[3]The Court notes further that, because it is treating plaintiff's motion for judgment on the pleadings as a motion to dismiss, which may be filed prior to the close of pleadings, the question of whether the pleadings are closed is ultimately irrelevant. *See Jung v. Ass'n of Am. Med. Colleges*, 339 F. Supp. 2d, 35-36 (D.D.C. 2004) ("No prejudice to any party results from treating a Rule 12(c) motion as a Rule 12(b)(6) motion because the standard of review for motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is essentially the same as that for motions to dismiss under Rule 12(b)(6).").

## B. Whether Plaintiff Has Established That Her Rule 12(c) Motion for Judgment on the Pleadings Should be Granted

Plaintiff asserts that defendants Miller and Star Fleet, in their pleadings, failed to provide any factual allegations or causes of action against defendants Lakes and Duggan. Defendants Miller and Star Fleet respond first that, having asserted claims against defendants Lakes and Duggan in her second amended complaint, plaintiff should be estopped from attempting to dismiss defendants Miller and Star Fleet's comparative negligence claim against defendants Lakes and Duggan; and second, that even if plaintiff is not estopped from bringing her dismissal claim, either defendants Miller and Star Fleet's answer to plaintiff's complaint [Doc. 18] or their answer to plaintiff's amended complaint [Doc. 30] satisfies federal pleading requirements. For the reasons below, this Court finds that plaintiff is estopped from bringing her dismissal claim, and that even were she not estopped, her claim would still be dismissed because defendants Miller and Star Fleet have satisfied federal pleading requirements.

### 1. Whether Plaintiff is Estopped From Moving to Dismiss Defendants Miller and Star Fleet's Claims Against Defendants Lakes and Duggan

Plaintiff asserts that defendants Miller and Star Fleet attempted to add Lakes and Duggan as party defendants in their answer to plaintiff's complaint [Doc. 18] without offering "factual allegations or any cause of action against these two individuals" [*see* Doc. 27]. Plaintiff alleges that defendants Miller and Star Fleet provided "no indication" in that pleading of how Lakes and Duggan could be responsible for defendant Miller's alleged failure to bring his vehicle to a stop before colliding with plaintiff's vehicle [Doc. 27].

Plaintiff urges the Court to respond to this purported pleading deficiency by dismissing with prejudice defendants Miller and Star Fleet's "attempt . . . to force the plaintiff to join [] Lakes and [] Duggan" [Doc. 27].

Contrary to plaintiff's assertion that the addition of defendants Lakes and Duggan in defendants Miller and Star Fleet's answer ultimately "forced" her to file a second amended complaint adding defendants Lakes and Duggan to her own pleadings, however, nothing actually "forced" her to file an additional pleading at all. Plaintiff could easily have filed a Rule 12(c) motion for judgment on the pleadings after defendants Miller and Star Fleet added Lakes and Duggan as tortfeasors to their answer. Plaintiff elected not to file a Rule 12(c) motion at that time, but instead to amend her own pleadings to assert fault against Lakes and/or Duggan. Having expressly asserted in her own pleadings that Lakes and/or Duggan are at fault, plaintiff may not now complain of defendants Miller and Star Fleet's addition of defendants Lakes and Duggan in their answer.

> **2. Whether Defendants Miller and Star Fleet's Answer to the Complaint Satisfied Federal Pleading Requirements**

Even assuming that plaintiff is not estopped from bringing her dismissal claim, plaintiff's motion for judgment on the pleadings must still be dismissed, because defendants Miller and Star Fleet's answer satisfies federal pleading requirements. In that answer, defendants Miller and Star Fleet included the following language under the heading "Affirmative Defenses":

> Upon information and belief, Defendants aver that Plaintiff's alleged injury
> was caused, in part, on the actions of other persons or entities, known as James

8

> Lowell Lakes . . . and/or Michael D. Duggan . . . over whom Defendants had neither control nor responsibility. Consequently, Defendants rely upon the fault of any other tortfeasor to reduce any recovery against it in accordance with the principles of comparative fault and apportionment of damages.

Plaintiff asserts that this addition of defendants Lakes and Duggan does not satisfy federal pleading requirements [Doc. 18].

As noted *supra* Part III, Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but "a [party's] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* A pleading "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988).

Here, defendants Miller and Star Fleet have provided a short and plain statement of their claim against defendants Lakes and Duggan, showing that they would be entitled to relief under a theory of comparative liability. In doing so, they have provided fair notice to plaintiff that they intend to proceed on a theory of comparative liability based upon the

9

conduct of defendants Lakes and Duggan.[4]   While plaintiff intimates that the defendants must also offer a legal theory upon which they might recover, *see* Doc. 27, no such requirement exists.  Instead, defendants Miller and Star Fleet need only allege facts that could support some legal theory upon which they might recover.  Defendants have met this standard.

"[C]ases should be tried on their merits rather than the technicalities of pleading." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). Accordingly, this Court dismisses plaintiff's motion for judgment on the pleadings with respect to defendants Miller and Star Fleet.

### 3. Whether Paragraph 24 of Defendants Miller and Star Fleet's Answer to Plaintiff's Amended Complaint Satisfies Federal Pleading Requirements

Because this Court finds that defendants Miller and Star Fleet satisfied federal pleading requirements in their answer, it need not consider whether defendants also satisfied federal pleading requirements on the same issue in their answer to plaintiff's amended complaint.  For the reasons that follow, this Court finds that defendants have met federal pleading requirements with respect to that pleading.

---

[4]Indeed, although plaintiff complains of a lack of fair notice as to the grounds for the claim against defendants Lakes and Duggan, defendants Miller and Star Fleet argue that the basis for asserting their comparative fault defense arose, in part, from plaintiff's own statements in her deposition [Doc. 32].  Plaintiff exposes the depth of her knowledge as to the basis for this claim in her own motion for judgment on the pleadings [Doc. 27].  Plaintiff cannot now complain of lack of fair notice when she demonstrated in her motion knowledge of the basis upon which defendants Miller and Star Fleet might raise a comparative fault defense.

10

Defendants averred in paragraph 24 of their answer to the amended complaint that:

> Plaintiff's injury was caused, in part, on the actions of other persons or entities, known as James Lowell Lakes . . . and/or Michael D. Duggan . . . These persons were involved in a motor vehicle incident which occurred at or about the same time of the plaintiff's alleged injuries. These persons' actions caused the roadway on which the plaintiff and defendant Miller were driving to be partially blocked by vehicles, and also caused debris to be spread over the roadway where the plaintiff's [*sic*] and defendant Miller were driving their vehicles and collided and thereby caused and/or contributed to the plaintiff's alleged injuries and damages. Consequently, Defendants rely upon the fault of any other tortfeasor to reduce any recovery against it in accordance with the principles of comparative fault and apportionment of damages.

[Doc. 30]. Undoubtedly, this language provides a plain statement of defendants' comparative liability claim sufficient to show that defendants are entitled to relief. This language also provides fair notice to plaintiff as to the basis of that claim. Accordingly, this Court finds this language sufficient to serve as an alternative basis for denying plaintiff's motion for judgment on the pleadings under Rule 12(c).[5]

---

[5] Plaintiff has also moved to hold the scheduling deadlines in this case in abeyance, *see* Doc. 27, but provides no particulars with respect to that element of her motion in the motion itself. Defendants indicate in their response to plaintiff's motion for judgment on the pleadings [Doc. 32] that they are "agreeable to cooperating with plaintiff to revise the Scheduling Order" if plaintiff "requires an extension of time" "in order to reasonably complete discovery, and prepare this case for trial." If such extension of time becomes necessary, the parties are hereby **DIRECTED** to submit to the Court a joint motion for modification of the Scheduling Order.

11

## IV. Conclusion

For the reasons set forth herein, plaintiff's Motion for a Judgment on the Pleadings or to Hold Scheduling Deadlines in Abeyance [Doc. 27] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>UNITED STATES DISTRICT JUDGE

12

Case 3:07-cv-00449   Document 67   Filed 09/30/09   Page 12 of 12   PageID #: 684